UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 15-cv-22965-Martinez/Goodman

CARLOS OCTAVIO PEREZ, and all )
Others similarly situated under 29 U.S.C. 216(b), )
)
 Plaintiffs, )
)
v. )
)
PROTECTIVE SERVICE VICTORY SECURITY )
and MIREYA MORADO, )
)
Defendant )
)

## ANSWER

Defendants hereby file this Answer to Plaintiff's Complaint.

1. Defendants admit that paragraph 1 is the Plaintiff's characterization of this action.

2. Defendants admit paragraph 2.

3. Protective Service Victory Security Corp. admits paragraph 3 that it was doing business in Miami-Dade County; it and Ms. Morado deny the remainder of paragraph 3.

4. Defendants deny paragraph 4.

5. Defendants deny paragraph 6.

6. Defendants cannot admit or deny the allegations in paragraph 6.

### COUNT I – FEDERAL OVERTIME ALLEGATIONS

7. Defendants admit that paragraph 7 is the Plaintiff's characterization of this lawsuit.

8. Defendants deny paragraph 8.

9. Defendants admit, as alleged in paragraph 9, that the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), provides that under certain circumstances some employees must be paid at a

rate of one and one half times his or her regular rate for hours worked in one week in excess of 40.  All other allegations in paragraph 9 are denied.

10.  Defendants admit that Plaintiff worked for the Defendant Protective Service Victory Security Corporation.  Defendants cannot admit or deny the dates worked at this time.  All other allegations in paragraph 10 are denied.

11. Defendants deny paragraph 11.

12. Defendants deny paragraph 12.

13. Defendants deny paragraph 13.

14. Defendants cannot admit or deny paragraph 14 at this time.

15. Defendants deny paragraph 15.

16. Defendants deny paragraph 16.

17. Defendants deny paragraph 17.

## COUNT II - FEDERAL MINIMUM WAGE ALLEGATIONS

Defendants repeat their responses to paragraphs 1 through 17 as if fully set forth herein.

18. Defendants admit that the FLSA, 29 U.S.C. § 206(a)(a), sets forth the minimum wage required by the statute.  Defendants deny the remainder of the allegations in paragraph 18.

19. Defendants deny paragraph 19.

20. Defendants deny paragraph 20.

21. Defendants deny paragraph 21.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted against Defendants.

2. Plaintiff was not engaged in interstate commerce or in the production of goods for interstate commerce.

3. Protective Service Victory Corp. is not an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203 (s).

4. Protective Service Victory Corp. is not an employer within the meaning of the FLSA because it never had gross revenues of $500,000 or more in any fiscal year.

5. Defendant Mirey Morado is not an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

Respectfully submitted,

_____/s/_____
Stanley Kiszkiel
Florida Bar No. 731153

Stanley Kiszkiel, P.A.
9000 Sheridan Street, Suite 94
Pembroke Pines, Florida 33024
(954) 862-2288
(954) 517-1848 (fax)
sklaw@kiszkiellaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on counsel for the Plaintiff, listed below, through the Court's CM/ECF portal and by electronic mail this 21st day of January 2016.

### SERVICE LIST

J.H. Zidell, Esquire
Elizabeth Olivia Hueber, Esquire
J.H. Zidell P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
zabogado@aol.com
EOHueber@gmail.com

_____/s/_____
Stanley Kiszkiel