UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22965-MCALILEY
[CONSENT CASE]

CARLOS OCTAVIO PEREZ,
and all others similarly situated,

    Plaintiffs,
vs.

PROTECTIVE SERVICE VICTORY
SECURITY CORP., *et al.*,

    Defendants.
_____/

## ORDER FOLLOWING NOTICE OF SETTLEMENT

Plaintiff filed a Notice of Settlement [DE 49], stating that the parties have settled this action in full. Because this case includes claims filed under the Fair Labor Standards Act (FLSA), the Court must review the parties' settlement for fairness, which includes a review of counsel's legal fees. *Lynn's Food Stores, Inc. v. United States, U.S. Dep't. Of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citations omitted). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. [The] FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions." *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009).

1

Accordingly, the parties are **ORDERED** to file a joint motion to approve settlement and dismiss the action with prejudice **no later than July 22, 2016**. The motion must include a statement setting forth the basis upon which Plaintiff's attorney is recovering fees and costs. If compensation is based on an hourly rate, the statement must include the number of hours and rate billed; if there is a contingency fee agreement, Plaintiff's counsel must certify that the contingency fee agreement complies with Florida Bar Rule 4-1.5(f). If the parties intend to keep the settlement agreement confidential, they may file the settlement agreement as a sealed document in accordance with the requirements of Local Rule 5.4.

DONE AND ORDERED in chambers at Miami, Florida this 1st day of July, 2016.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record